(No. 3015— )

MELVIN COLLINS, BY MARY COLLINS HIS MOTHER AND NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1941.*

FREDERICK & FREDERICK, for claimant.

George F. Barrett, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

This complaint was filed on October 21, 1936, and alleged that Melvin Collins, age twenty years, was an inmate of Lincoln State School and Colony, an institution under and in charge of the Department of Public Welfare of the State of Illinois; that on or about October 25, 1935, he was working at or with laundry and cleaning equipment under orders of the respondent, through its agents and servants. The complaint further avers that he was inexperienced in the use of machinery of its kind, and that it was dangerous machinery, and in obeying the orders of his superior, could not foresee said dangers, and was not warned or instructed by those under whose direction he was working; that in commanding claimant to work with or at said machinery and equipment, it became and was the duty of the respondent to instruct claimant in the use of said machinery and equipment and to warn him of the dangers thereof, but respondent failed and neglected its duty in this behalf, and the claimant, while in the exercise of due care and caution for his own safety caught his left arm in the machinery and was thrown violently in or upon said machinery and equipment, and his left arm was crushed and mutilated and divers bones in said arm were fractured and broken, causing permanent and lasting injuries, and that by reason of the injuries it became necessary to amputate the arm, to the damage of the claimant in the sum of $2,500.00.

The complaint avers notice to the respondent and that claimant has received nothing for his injury.

The Attorney General has made a motion to dismiss this case. For the purpose of considering this motion, we will assume that all allegations of fact are true. We have repeatedly held that such a statement of fact does not give rise to a legal claim against the State of Illinois. Claimant was confined in this institution, and in conducting an institution of this kind the State is engaged in a governmental function.

The records of this department, however, show that Melvin Collins was experienced in the use, operation and management of laundry or like machinery; that he had been instructed as to the operation and management of laundry machinery; that claimant had informed the officials at this institution that he had had six months training in the operation and management of the same type of laundry machinery as used at Lincoln State School and Colony while he was a charge of the Glenwood Manual Training School at Glenwood, Illinois. It also appears from the records that all hospital and doctor bills were paid by the State.

We have on numerous occasions held that the State is not legally or equitably liable to an inmate who receives an injury while confined in one of its institutions, and does not come under the provisions of the Workmen's Compensation Act.

> *Hagelwood* vs. *State,* 6 C. C. R. 259;
> *Fitzmaurice* vs. *State,* 6 C. C. R. 247;
> *Heiss* vs. *State,* 6 C. C. R. 267;
> *Derby* vs. *State,* 7 C. C. R. 145;
> *Butler, et al.* vs. *State,* 8 C. C. R. 102;
> *Rutledge, et al.* vs. *State,* 8 C. C. R. 206;
> *Pelli, et al.* vs. *State,* 8 C. C. R. 324;
> *Parks, et al.* vs. *State,* 8 C. C. R. 535;
> *William R. Schaeffer,* No. 1968.

The motion of the Attorney General to dismiss will, therefore, be sustained, and the claim disallowed.